IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY LEE SMITH, #104 163, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-300-WHA |
| | ) | [WO] |
| WALTER MYERS, WARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on April 29, 2019. When he filed suit, Plaintiff was incarcerated at the Easterling Correctional Facility in Clio, Alabama. It recently came to the court's attention that Plaintiff is no longer in the custody of the Alabama Department of Corrections. *See* Doc. 12.[1] The order of procedure entered in this case instructed Plaintiff that he "shall immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 4 at 3, ¶7. The order also informed Plaintiff that his "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.

The court entered an order on May 20, 2019, requiring that by May 30, 2019, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 14. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him his failure to

---

[1] *See also* http://www.doc.state.al.us/InmateSearch.

comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the May 20 order was returned to the court on June 21, 2019, marked as undeliverable.

The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is

ORDERED that on or before **July 9, 2019**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

2

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 25th day of June 2019.

   /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE